[No. 14452. Department One. March 13, 1918.]

MARTIN M. GRASS et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

NEW TRIAL—GRANT OF NEW TRIAL—HARMLESS ERROR. It is error to grant a new trial for irregularities in submitting the case to the jury where, under the evidence, no other verdict could be permitted to stand.

MUNICIPAL CORPORATIONS—INJURIES ON SIDEWALKS—NEGLIGENCE—EVIDENCE—SUFFICIENCY. It is not negligence for a city to maintain a concrete walk with a break one and one-eighth inches at the inner side, tapering to nothing at the curb, where it appears that it was not observable unless one looked right at the spot, and plaintiff did not know of its existence, although using it frequently.

Appeal from an order of the superior court for King county, Ronald, J., entered June 26, 1917, granting a new trial, after the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained through a defective sidewalk. Reversed.

Hugh M. Caldwell and Patrick M. Tammany, for appellant.

FULLERTON, J.—The respondents, Grass, brought an action against the city of Seattle to recover for personal injuries received by Mrs. Grass from a fall caused by tripping over a defective place in a sidewalk on one of the city streets. The defect consisted in a straight break across a cement sidewalk, leaving one side elevated above the other. The elevation at the inner line of the walk was one and one-eighth inches high, gradually tapering to nothing at the curb. The exact location of the part of the walk over which the respondent tripped does not appear in evidence. The cause was tried to a jury, which returned a verdict for the city. A motion for a new trial was interposed by the re-

[1]Reported in 171 Pac. 533.

spondents on the grounds of irregularity in the proceedings of the court, accident and surprise, insufficiency of the evidence, and error in law occurring at the trial. The trial court granted the motion for reasons which are stated in the order in the following language:

"The court háving heard the arguments of counsel and being fully advised, is of the opinion that error in law was committed by the court's refusal to give certain instructions which were proposed and submitted by plaintiffs; and also, owing to the irregularity in the proceedings on the part of the trial court which consisted of comment by the trial court during the progress of the case, as is more clearly evidenced and shown by the statement of facts; and the trial court recognizing and being of the opinion that the comment by the trial court during the progress of the trial, and the demeanor of the trial court, might very easily have prejudiced, and in all probability did prejudice, the jury against the plaintiffs, by reason whereof the plaintiffs were prevented from having a fair trial, and as a consequence the trial court concludes that in fairness to all parties plaintiffs should be granted a new trial."

From the disposition made of the case by the court, the city appeals.

While the appellant discusses the case from the viewpoint of the trial court and attempts to show that there is no error in the record even from that point of view, it also makes the contention that, under the evidence, no other verdict could be permitted to stand than that returned by the jury. The respondents have not favored us with a brief, but we have nevertheless examined the evidence with care, not only from the very complete abstract furnished by the appellant, but from the statement of facts as well. This examination has forced us to the conclusion that the last contention made by the appellant is well founded. So concluding, it is unnecessary to notice the questions upon which the trial court

rested its finding of error, as the other necessarily concludes the matter.

As to the condition of the walk at the place where the injured respondent tripped and fell, there is no substantial dispute in the evidence. While the respondent and certain of her witnesses estimated the drop in the walk as ranging from two to two and one-half inches at the inner side and tapering to nothing at the curb, exact measurements, made by different persons shortly after the accident and again immediately preceding the trial, showed its actual drop to be one and one-eighth inches at the inner side, tapering to nothing at the curb. Indeed, the respondent testified that, notwithstanding she had passed over the walk on an average of twice a week for several weeks preceding the accident, she did not know of the existence of the defect. One of her witnesses also testified that, when walking in the direction the respondent was going, the break would not be observable unless one "looked right at the spot as you came down." Manifestly, it seems to us, a city cannot be held negligent for suffering to remain in a sidewalk a defect so inconsequential as this one was shown to be. A city is not an insurer of the personal safety of every one who uses its public walks. It owes no duty to keep them in such repair that accidents cannot possibly happen upon them. Its duty in this respect is done when it keeps them reasonably safe for use—safe for those who use them in the exercise of ordinary care—and we cannot but conclude that this one was thus reasonably safe.

It follows that the court erred in granting a new trial. The judgment is reversed, and the cause remanded with instructions to enter a judgment upon the verdict.

ELLIS, C. J., PARKER, WEBSTER, and MAIN, JJ., concur.