[No. 20040.　Department One.　January 8, 1927.]

ANDREW PANOS et al., *Respondents*, v. HARRY J. SOURWINE et al., *Appellants*.

THOMAS ALLEN, *Respondent*, v. HARRY J. SOURWINE et al., *Appellants*.[1]

[1] HIGHWAYS (53, 58)—USE OF ROAD—MEETING AND CROSSING—NEGLIGENCE—QUESTION FOR JURY. A question for the jury is presented where a railway speeder going slowly was struck at a highway crossing by an automobile crossing the track at thirty-five or forty miles an hour in violation of Rem. 1923 Supplement § 6350, requiring that the speed of a vehicle be reduced at railway crossings at a point fifty feet from the crossing so as not to exceed twelve miles an hour.

Appeal from an order of the superior court for Yakima county, Hawkins, J., entered December 5, 1925, granting a new trial to plaintiffs notwithstanding verdict in favor of the defendants.　Affirmed.

*Snively & Bounds*, for appellants.

*Grady & Valikanje*, for respondents.

MITCHELL, J.—Andrew Panos, a railroad section foreman, and Thomas Allen, a section hand, while riding on a gasoline hand-car or "speeder", were injured in a collision with an automobile driven by Harry J. Sourwine at a railroad crossing.　Each of the parties injured sued to recover damages alleged to have been caused by the negligence of the driver of the automobile.　In each case, the defendants denied negligence and affirmatively alleged that, if the plaintiff was injured it was caused by his own negligence and contributory negligence.　In each case, the affirmative allegations in the answer were denied by a reply.　The two cases were consolidated for trial to a jury which

[1]Reported in 251 Pac. 883.

returned a verdict for the defendants. The plaintiffs filed a motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict, and that it is against the law, and also errors in law occurring at the trial and excepted. to at the time by the plaintiffs. The motion was granted by a general order. The defendants have appealed.

Counsel for the appellants admit the rule that ordinarily we will not interfere with such an order; but, upon the cases of *Grass v. Seattle,* 100 Wash. 542, 171 Pac. 533, and *Mount v. Krilich,* 131 Wash. 627, 230 Pac. 828, contend that, under all the evidence in the case, no other verdict than the one returned by the jury could have been found and that therefore to set it aside and grant a new trial was an error of law which can be reviewed on the appeal. All of the evidence bearing upon the questions involved on the appeal has been brought to this court by a proper statement of facts.

[1] Without detailing all the evidence, it may be stated generally that there was testimony tending to establish the following facts: At the crossing, the railroad track runs southeasterly; the sixteen foot paved highway runs easterly. The hand-car was going southeasterly and the automobile easterly at the time of the collision. The railway track and the highway, each, is straight several hundred feet from the crossing. On the west side of the track, fourteen and a half feet from it, and fifty seven and a half feet up the track north of the center of the crossing, was located a small "shelter shed" or waiting station, and a few feet north of the shed on the same side of the railroad track was located an open-sided freight shed, both buildings being the property of the railroad company. On the highway, about two hundred and fifty feet west

of the crossing, there was a railroad crossing sign and another one seventy-five feet still further west.

The foreman testified that, on going south on the hand-car, before reaching the freight shed and again about the time he reached it, he looked west on the highway for a distance estimated at four hundred or five hundred feet and saw no automobile approaching the crossing; that momentarily he gave his attention to his hand-car until immediately on passing the shelter shed, on looking to the west, he saw the appellant's automobile about sixty feet away approaching at a speed of thirty-five or forty miles an hour; that he was going about eight or ten miles an hour and that he immediately set the brakes on his hand-car, causing it to skid about twenty-one feet to where the collision occurred; and that the appellant, continuing his excessive speed, did not observe them until within three or four feet of the hand-car.

The other respondent, Thomas Allen, testified that he sat on the right hand side of the hand-car facing west and that he observed the approaching automobile just as they emerged from behind the shed, at which time the automobile was about sixty to seventy-five feet away going at a speed of thirty-five or forty miles an hour, at which time he noticed that the foreman had observed the danger and was already setting the brakes on the hand-car. His testimony was that, at that time, the hand-car was going about five miles an hour. Both witnesses testified that the automobile struck the right hand side of the hand-car and knocked it about twenty feet beyond a side track, east of the main track on which the hand-car was being propelled, and that the automobile came to a standstill about sixty feet east of the railroad track. Much of this evidence was corroborated by other witnesses and by

facts and circumstances shown at the trial. We do not mean to say that much of it was not disputed, but that the evidence mentioned was introduced in the trial of the case. This accident happened in December, 1924. At that time ch. 42, Laws of 1923, p. 105 [Rem. 1923 Sup., § 6350], was in force. It provides that drivers of such motor vehicles as the one involved in this case shall, at the point of passing an advance railroad crossing sign, reduce the speed of the vehicle until the rate of speed at a point fifty feet from the crossing shall not exceed twelve miles an hour.

Upon this record it cannot be said, as a matter of law, that the issues must be determined in favor of the appellant. On the contrary, they are issues for the jury to decide. Under such circumstances, we cannot overrule the discretion of the trial judge in granting a new trial. The facts neither require nor warrant it.

Affirmed.

TOLMAN, C. J., MAIN, FULLERTON, and HOLCOMB, JJ., concur.