### NEWSUM v. PENNSYLVANIA R. CO.
#### (WILLIAMS et al., third party defendants).

United States District Court
S. D. New York.
March 16, 1951.

See, also, 79 F.Supp. 225.

Leo Gitlin, New York City, for Newsum.

Conboy, Hewitt, O'Brien, & Boardman, New York City, for Pennsylvania R. R.

Irving H. Saypol, U. S. Atty., New York City, for U. S.

WARING, District Judge.

Plaintiff, an employee of the Defendant, the Pennsylvania Railroad Company, brought suit for personal injuries under the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51 et seq. The Defendant Company made the United States of America a third party defendant under the Federal Tort Claims Act, Title 28 U.S.C.A. §§ 1346 (b), 2671 et seq., and as allowed by the Federal Rules of Civil Procedure rule 14, 28 U.S.C.A.

The Plaintiff was employed in the baggage department of the railroad company and his injuries came about as a result of a collision between the electric powered baggage truck which he was operating and a United States Post Office mail truck. Plaintiff claimed that he had stopped his baggage truck and the mail truck backed into him. He alleges a number of acts of negligence by the railroad company which are generally covered by failure to provide a safe place in which to work. The railroad company denied negligence but impleaded the United States on the ground that if it, the railroad company, should be held liable that it should recover against the United States for any such liability.

The third party Defendant moved to dismiss. This was refused by the court. The matter as to whether the United States can be called in as a third party defendant in a suit of this type has been somewhat in doubt and there have been a number of conflicting decisions. However, the Supreme Court of the United States has just sustained the validity of this type of procedure. See United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399. In the instant case, the Court ruled that the issue between the Plaintiff and the railroad company should be tried before a jury (jury trial having been demanded by Plaintiff) and that after the jury had retired the

502

Judge would listen to any additional evidence affecting the third party proceedings. The case was so tried.

The Jury returned a verdict of $45,000.00 for the Plaintiff against the railroad company. Motions were made for direction of verdict non obstante veredicto, and in the alternative, that the verdict be set aside and a new trial awarded. These motions are mainly based upon the contention that the verdict was against the weight of the evidence and that the amount of damages found was grossly excessive.

■ During the course of the trial, the Defendant offered two witnesses and the Court refused to allow them to testify. It appeared that interrogatories had been submitted asking for the names of persons who had knowledge of the case and the Defendant had given the names of a number of parties but failed to furnish the names of these two. They were well known to Defendant and not recently discovered and the Court felt that to allow the Defendant to withhold the names of important witnesses and to later call them at the trial was taking advantage of the Plaintiff and a violation of the rules of civil procedure and of the proper interpretation of same. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. However, it is realized that the failure to have the testimony of these witnesses available was probably quite detrimental to the Defendant particularly in view of the fact that one of them was the driver of the Post Office truck which collided with the baggage truck on which the Plaintiff was injured. I believe that it would have been improper to allow the Defendant to use these witnesses in the trial since Plaintiff was undoubtedly unaware of such intention by Defendant. On a second trial such testimony may be available and Plaintiff will not be surprised.

■ At the time of the trial I concluded that there was some evidence warranting submission of the case to the jury. However, this evidence was quite slight and it seems to me that the overwhelming preponderance of the evidence was on behalf of the Defendant. The Place where the collision occurred was well known to the Plaintiff, no serious defects were shown in regard to the operation of the baggage room and the approaches and the workplace seemed quite adequate. Although the Plaintiff strenuously denies that he had been negligent, there was much evidence that he was not looking in the direction in which he was driving the baggage truck and that he, himself, drove it into the mail truck which was standing still. The evidence on which to sustain a verdict for the Plaintiff was so thin as to raise grave doubts in my mind as to whether any verdict should stand, but the fact that the jury found a verdict of $45,000.00 in this case where it is shown that the Plaintiff's injuries, while painful and inconvenient, have not seriously impaired his ability to work and support himself, is evidence that the jury acted in an unreasonable and capricious manner.

In view of all of these factors and in addition the possibility of the additional testimony above referred to which the Court refused to allow the Defendant to use at this trial (which decision the Court still feels was correct but realizes that it was a detriment to the Defendant), I feel that justice must best be served by setting aside all of the findings and granting a new trial. This will entail the resubmission of the issues between the Plaintiff and the Defendant railroad company for trial before a jury and the allowance of a hearing by the court upon the claim of the railroad company against the United States in the 3rd party proceedings. Accordingly it is

Ordered, that the verdict of the jury heretofore entered be and the same is set aside and a new trial is granted of all the issues involved.