[No. 32567. Department One. October 9, 1953.]

RALPH I. SATHER, *Appellant,* v. ERNEST V. LINDAHL et al., *Respondents.*[1]

'Reported in 261 P. (2d) 682.

*James J. Keesling,* for appellant.

*Martin & Shorts* and *Frank J. Conway,* for respondents.

HILL, J.—A new trial was granted in a personal injury action because the plaintiff had, when his deposition was taken four days before the trial, answered, "Not that I know of," in response to the question, "Do you know of any witnesses to this accident?" when, in fact, the plaintiff and his counsel did know of four eyewitnesses, whom they produced at the trial and who testified without objection.

The defendants, on cross-examination of these witnesses, developed the fact that they had been known to the plaintiff and his counsel. The defendants also impeached the plaintiff by showing that he had made a false answer in his deposition. The defendants, however, claimed no surprise, made no motion for a continuance, and asked no relief of any kind until after the jury had been instructed and the plaintiff's counsel had made his opening argument to the jury. At that juncture, defendants' counsel moved for a mistrial because of the plaintiff's false answer in the deposition and the surprise in consequence thereof. The mistrial was denied. After a substantial verdict, the same circumstances were made the basis for the granting of a new trial. This appeal followed.

One of the purposes of the Rules of Pleading, Practice and Procedure pertaining to pretrial discovery, includ-

ing depositions (34A Wn. (2d) 84, *ff.*), is to enable a litigant to know in advance the witnesses upon whom his adversary is relying and thus to avoid surprise. When, after denying knowledge of witnesses which he in fact had, a litigant produces those witnesses at the trial, the adverse party should object to their being permitted to testify and, if they are permitted to testify, should move that their testimony be stricken. The trial judge can sustain such an objection and refuse to permit the witness to testify or can order his testimony stricken; or he can grant a continuance to give the surprised party an opportunity to investigate the witness and secure rebuttal testimony; and it is possible that, under circumstances in which no other relief or penalty could remedy the situation created by the deception, he could grant a mistrial.

Our rule comes verbatim from the Federal Rules of Civil Procedure. No case has been cited from a Federal or state court in which a new trial was granted under circumstances such as are here presented. The cases relied upon by the respondents are of no assistance to them.

In *Newsum v. Pennsylvania R. Co.*, 97 F. Supp. 500 (1951), a new trial was granted because the verdict was excessive. What is there reported is the opinion of the trial judge granting a new trial. It appears that he had refused to permit two witnesses to testify whose names had been withheld from the plaintiff by the defendant. In giving the reason for granting a new trial, he indicated that, while he felt that he had ruled correctly in not permitting the surprise witnesses to testify, he was glad that one of the results of a new trial would be that the jury might have an opportunity to hear them. It is abundantly clear that the only question of concern to the trial judge in that case relative to the surprise witnesses was whether his refusal to permit them to testify had been too severe a penalty, as he had thereby prevented the jury from obtaining important evidence.

In *Evtush v. Hudson Bus Transp. Co.*, 7 N. J. 167, 81 A. (2d) 6 (1951), a new trial was granted because the trial

court had permitted the defendant's surprise witnesses to testify *over objection* by the plaintiff.

We again point out that timely objection gives the trial court certain alternatives, including a continuance to allow the surprised party to meet the surprise testimony and to prepare for cross-examination of the surprise witness, refusal to permit the surprise witness to testify, or the striking of his testimony, before resorting to the drastic and costly remedy of a mistrial.

We have for many years had a statutory requirement that in a criminal case the prosecuting attorney shall, at the time the case is set for trial, furnish the defendant with a list of the witnesses the state intends to use at the trial; and five days thereafter the defendant is required to furnish the prosecuting attorney with a list of the witnesses on whom he will rely. RCW 10.52.010 [*cf.* Rem. Rev. Stat., § 2050 (part)]. The purpose is to prevent surprise. Referring to that section of the statute in the opinion in *State v. Willis,* 37 Wn. (2d) 274, 223 P. (2d) 453 (1950), this court said:

"The requirement of the statute is designed to protect against surprise. *State v. Cooper,* 26 Wn. (2d) 405, 174 P. (2d) 545. If a defendant desires to avail himself of the statute when it is not complied with, or the state seeks to call a witness whose name had not been theretofore endorsed on the information or given to him, he must in fact be surprised, and make timely claim thereof, and must request a continuance of the trial for a reasonable time in order that his counsel may prepare to cross-examine the witness and he may secure rebuttal testimony if it is available, and also make it appear that he will be prejudiced if such opportunity be not afforded him. [Citing cases.]"

That case is authority for the proposition that one who seeks the benefit of RCW 10.52.010 in a criminal proceeding must (1) make a timely objection; (2) if in fact surprised, ask for a continuance; (3) show prejudice if the continuance be not granted. The analogy with the present civil procedural situation is apparent, much the same considerations being present.

 We award no accolade to the appellant for his conduct, but the deceived party cannot wait until argument to the jury has begun to ask for relief when he has been confronted with a surprise witness or witnesses. Relief in such a case is conditioned upon a timely request by the deceived party while the trial judge still has an opportunity to determine whether a continuance is an adequate remedy, or whether he should refuse to permit the witness to testify or should order his testimony stricken.

The motion for a mistrial here was not timely made and was properly denied; the motion for a new trial should not have been granted, and the order granting it is set aside; and the trial court is directed to enter a judgment on the verdict.

GRADY, C. J., MALLERY, WEAVER, and OLSON, JJ., concur.

---

November 17, 1953. Petition for rehearing denied.