[No. 33461. *En Banc.* November 23, 1956.]

FLOYD N. WARD, *Respondent*, v. E. L. TICKNOR et al., *Appellants.*[1]

Edwin R. Johnson, for appellant.

O'Leary, Meyer & O'Leary, for respondent.

FINLEY, J.—This is an action for personal injury and property damages, allegedly sustained as a result of a highway collision between plaintiff's passenger car and defendants' truck. In view of the questions involved on this appeal and

[1] Reported in 303 P. (2d) 998.

the disposition which we make of them, it is unnecessary for us to state the facts as to how the accident occurred. After a trial to a jury, a verdict was returned in favor of the defendants. However, the trial court granted plaintiff's motion for a new trial. This was on the ground that the trial court's instruction No. 6 to the jury was erroneous and prejudicial. The defendants have appealed.

The trial court's instruction No. 6 states:

" 'Contributory negligence' is negligence on the part of the person injured which materially contributes toward causing the injury and damages complained of. It may also consist in doing some act which a reasonably prudent person would not have done under the same circumstances, or in failing to do something which a reasonably prudent person would have done under the same circumstances.

"The burden of proving contributory negligence rests on the party alleging it, but such proof may be had from any of the evidence in the case introduced by either party.

"If either party is guilty of contributory negligence, such party cannot recover from the other, even though the other is guilty of negligence." (Italics ours.)

The trial court was of the view that the first sentence of the instruction (which we have emphasized by italics) did not specifically mention proximate cause and did not constitute an adequate instruction on the element of proximate cause in relation to the matter of contributory negligence. In addition, respondent contends that the last sentence of instruction No. 6 (also emphasized above), referring to contributory negligence on the part of either the plaintiff or the *defendant*, was erroneous, and that it constituted prejudicial error.

Although the *first* sentence of instruction No. 6 does not specifically mention proximate cause, the language clearly refers to the element of proximate cause in relation to the defense of contributory negligence. Furthermore, proximate cause is *specifically* mentioned, *clearly explained*, and *properly emphasized* in instructions Nos. 4A, 5, and 20.

The language of the *last* sentence of instruction No. 6 is inept and erroneous. It might have been appropriate if there had been a cross-complaint in the instant case. While

the particular language was undesirable, and we certainly do not recommend its use in a case such as the one at bar, nevertheless, under the circumstances involved herein, we do not think its use amounted to prejudicial error. Other instructions given by the trial court, mentioned hereinbefore, clearly and adequately instructed the jury on contributory negligence. We do not agree with the trial court or with respondent that the giving of instruction No. 6 amounted to prejudicial error and required the granting of a new trial. In *Qualls v. Golden Arrow Farms*, 47 Wn. (2d) 599, 288 P. (2d) 1090, we said:

"A questioned portion of an instruction should not be considered as an isolated sentence or clause, but should be considered together with the instructions in their entirety."

Respondent urges that he is entitled to a new trial on the ground of surprise, urged in connection with the motion for a new trial but apparently rejected by the trial court in granting the new trial in the instant case, and cites *Snyder v. General Electric Co.*, 47 Wn. (2d) 60, 287 P. (2d) 108. Implementing the foregoing argument, respondent urges on appeal that appellants' testimony at the trial differed significantly from his testimony taken on deposition prior thereto, and that this constituted surprise during the trial, prejudicial to and entitling respondent to the new trial as granted by the trial court.

At the trial, respondent made no claim of surprise. No objection was made to appellants' testimony on the ground of any surprise involved. There was no request for a continuance. Respondent has waived the right to claim surprise and that his cause was prejudiced thereby. *Sather v. Lindahl*, 43 Wn. (2d) 463, 261 P. (2d) 682; 39 Am. Jur. 158, § 151.

For the reasons indicated hereinbefore, we think the trial court erred in granting the new trial. The order granting the new trial should be reversed and the action dismissed. It is so ordered.

MALLERY, SCHWELLENBACH, OTT, and FOSTER, JJ., concur.

DONWORTH, C. J. (dissenting in part)—My dissent is di-

rected to the majority's approval of the language of instruction No. 6 (quoted in the majority opinion) defining contributory negligence, and particularly the first sentence thereof.

The trial court concluded that it had erred in failing to include and explain proximate cause in connection with contributory negligence as defined in that instruction, and granted the plaintiff's motion for a new trial for that reason.

The majority opinion states that the language of instruction No. 6 clearly refers to the element of proximate cause in relation to the defense of contributory negligence, and that: ". . . proximate cause is *specifically* mentioned, *clearly explained,* and *properly emphasized* in instructions Nos. 4A, 5, and 20."

In my opinion, none of those three instructions nor the entire thirty instructions when read together clearly present the issues of contributory negligence and proximate cause so as to be understood by a jury of laymen.

Instruction No. 4A refers to plaintiff's alleged *negligence* as the *proximate cause* or one of the *proximate causes* of the collision. Instruction No. 5 is a general instruction on negligence, stating, in effect, that the negligence of the party complained against must be the *proximate cause* of such injuries; and defines the terms *proximate cause* and *negligence.*

Instruction No. 20 refers to defendant's *negligence* as *a proximate cause* and *the proximate cause* in three places. It further refers to plaintiff's *negligence* which *proximately contributed* to the accident, and states:

"If . . . the plaintiff was not guilty of any *contributory negligence,* which *proximately contributed* to the cause of the accident, then it will be your duty to determine the amount of damages, if any, which the plaintiff has suffered because of the accident." (Italics mine.)

Instruction No. 6 defines *contributory negligence* as "negligence on the part of the person injured which *materially contributes* toward causing the injury . . ." (Italics mine.)

It thus appears that the trial court consistently referred

to defendant's alleged negligence as *the* and/or *a* proximate cause of the accident. However, in referring to plaintiff's alleged contributory negligence, the trial court described the meaning of the terms negligence and contributory negligence in three different ways: *viz.*, (1) the *proximate cause* of; (2) the cause which *proximately contributed* to; and (3) the cause which *materially contributes* toward causing the injury.

Such indiscriminate use of terms can only lead to confusion of the jury, where, as here, there are some thirty instructions covering twenty-one pages. Further, this court has held that

" . . . we are not disposed to substitute the 'materially contributed' or 'substantial factor' test either as a definition of or a *substitute* for 'proximate cause' (as defined in our cases) in determining what is actionable negligence." *Blasick v. Yakima*, 45 Wn. (2d) 309, 274 P. (2d) 122. (Italics mine.)

This rule is equally applicable to the defense of contributory negligence and brings the instant case within the above stated rule. In the *Blasick* case, *supra*, this court stated the reasons for the rule and referred to *Eckerson v. Ford's Prairie School Dist.*, 3 Wn. (2d) 475, 101 P. (2d) 345, where Judge Steinert, speaking for the court, explained the distinction with which we are here concerned as follows:

"There is, of course, a distinction between an actual cause, or cause in fact, and a proximate, or legal, cause.

"An actual cause, or cause in fact, exists when the act of the defendant is a necessary antecedent of the consequences for which recovery is sought, that is, when the injury would not have resulted 'but for' the act in question. But a cause in fact, although it is a *sine qua non* of legal liability, does not of itself support an action for negligence. Considerations of justice and public policy require that a certain degree of proximity exist between the act done or omitted and the harm sustained, before legal liability may be predicated upon the 'cause' in question. It is only when this necessary degree of proximity is present that the cause in fact becomes a legal, or proximate, cause."

This question was again before this court in the recent case of *Smith v. Rich*, 47 Wn. (2d) 178, 286 P. (2d) 1034,

wherein we held that the use of the terms ". . . contribute *in any degree* as a proximate cause . . ." did not constitute prejudicial error. The court concluded, after consideration of all the instructions, that the test of proximate cause and the issue of contributory negligence were clearly and adequately presented to the jury.

I think that, in the case at bar, the giving of instruction No. 6, when considered in connection with the trial court's use of the three different phrases in instructions Nos. 6 and 20 to describe the same legal principle to the jury, was not only erroneous but so confusing as to be prejudicial and prevent the plaintiff from having a fair trial.

The relationship between proximate cause and contributory negligence should have been stated simply and clearly in uniform language so that the jury could have understood the instructions relating to the law applicable to the evidence presented. See King county uniform jury instruction No. 8.

The majority recognizes that the instruction involved in this case was erroneous, but holds that the giving of it was harmless error. In my opinion, it was plainly prejudicial error, and the order granting the new trial should be affirmed.

ROSELLINI, HILL, and WEAVER, JJ., concur with DONWORTH, C. J.