[No. 578-2.    Division Two.    October 17, 1972.]

WILMA M. SMITH, *Respondent*, v. THE CITY OF ABERDEEN, *Appellant.*

*Lester T. Parker,* for appellant.

*Paul Stritmatter* (of *Stritmatter & Stritmatter*), for respondent.

ARMSTRONG, J.—Defendant, the City of Aberdeen, appeals from a judgment entered pursuant to a jury verdict for the plaintiff, Wilma Smith, in the sum of $14,000 for personal injuries.

The appeal raises two issues: (1) Was the plaintiff's evidence sufficient to support the verdict? (2) Did the trial court properly instruct the jury? We find the evidence sufficient, but the instructions improper.

At about 10 p.m. on April 23, 1969, Mrs. Smith was walking down Park Street in the city of Aberdeen. She had never before walked on this particular sidewalk. She tripped on a 1-inch offset in the sidewalk and fell. The fall

left her unconscious for a short time, and left her with several cuts about the face, a fractured rib, and swollen joints in the hands and knees.

At trial the plaintiff introduced pictures showing the dangerous condition of the sidewalk. The plaintiff testified that at the time of her fall the sidewalk, including the offset, was covered with water. Another witness who had lived in the area testified that the offset had been in the sidewalk since at least late 1967. The city engineer, called by the defendant, stated the offset measured 1 inch at one side of the walk, $\frac{3}{4}$ of an inch in the middle, and tapered to nothing on the other side.

After plaintiff rested, defendant challenged the legal sufficiency of plaintiff's case. The trial court denied the motion. Before argument, the defendant renewed the motion and it was again denied. After the judgment was entered, defendant moved for a judgment notwithstanding the verdict or a new trial because of erroneous instructions to the jury. The court also denied both of these motions.

■ Defendant's first contention is that the plaintiff's evidence is not sufficient to support the verdict. It relies on *Grass v. Seattle,* 100 Wash. 542, 171 P. 533 (1918), which held that a city's maintaining a sidewalk with a 1⅛ inch offset was not negligence as a matter of law.

The court in *Grass v. Seattle, supra,* did not create a fixed rule. In *Blasick v. Yakima,* 45 Wn.2d 309, 274 P.2d 122 (1954), the Supreme Court stated at page 312:

> We have distinguished the *Grass* case . . . some six times since 1930, on various phases and circumstances, but we did not give the *coup de grace* to the idea that negligence in sidewalk cases is a matter of micrometer readings until *Johnson v. Ilwaco,* (1951), 38 Wn. (2d) 408, 229 P. (2d) 878, where, speaking of the *Grass* case, we said (p. 412):
>
> . . .
>
> "The *Grass* case must be regarded to a great extent as in a class by itself, and we do not feel that its doctrine should be extended beyond the actual situation then before the court."
>
> We there indicated that a reasonably cautious man, in

applying the test above referred to, would consider factors other than the height of an offset or the depth of a depression or hole. We said (p. 413):

"The exact extent of the offset is not the only factor to be considered. The nature and character of the sidewalk, its location, the amount of travel over it by pedestrians, the extent to which the presence of the offset would ordinarily be seen or observed by travelers on the sidewalk, and many other conditions which might exist, all have to be taken into consideration. In those cases where reasonable minds can differ, the questions whether an offset in a sidewalk is of such a character that danger to a pedestrian from its existence may reasonably be foreseen and anticipated by the city, and whether in suffering it to remain the city had kept and maintained such sidewalk in a reasonably safe condition for ordinary use by pedestrians, are for the jury to determine."

The evidence which plaintiff introduced was sufficient to allow the case to go to the jury, and therefore sufficient to support the verdict.

■ Defendant's next contention is that the trial court did not properly instruct the jury. Defendant attacks the giving of instruction 7, since that instruction defines a greater duty of care than is required. The plaintiff counters that all the instructions must be read together, and instructions 7 and 8 together state the duty of care required of a municipality. The instructions read:

### Instruction 7

You are instructed that the City of Aberdeen is bound *to use reasonable and ordinary care to keep and maintain its sidewalks so as not to create a condition wherein pedestrians might be injured,* and failure so to do is negligence unless the condition was brought about so recently that the city or its officers or employees charged with the supervision of sidewalks, by the exercise of ordinary diligence, did not have reasonably sufficient time to discover the condition and repair it before the accident.

### Instruction 8

A municipality is not an insurer against accident nor a guarantor of the safety of pedestrians. It is, however,

> obligated *to exercise ordinary care to keep its public ways in a reasonably safe condition for persons using them in a proper manner and exercising due care for his own safety.*

(Italics ours.) The claimed error in instruction 7 is that it fails to qualify the duty of the city to exercise ordinary care in maintaining its sidewalks in a reasonably safe condition *for persons exercising reasonable care for their own safety.* As such, defendant argues, it requires the defendant city to exercise a greater degree of care.

In *Argus v. Peter Kiewit Sons' Co.,* 49 Wn.2d 853, 307 P.2d 261 (1957), the trial court gave an instruction similar to number 7 and the Supreme Court reversed a judgment for the plaintiff. Although *Argus* was a case involving improper maintenance of a highway detour, the maintenance of a sidewalk is governed by the same rule of negligence. *Johnson v. Ilwaco,* 38 Wn.2d 408, 229 P.2d 878 (1951). The instruction in *Argus* reads, at page 858:

> "You are instructed that the defendant as a contractor in charge of the work on the highway in question had the duty to maintain all detour areas in a reasonably safe condition for vehicular traffic. In so maintaining the detour areas the defendant must use such care as a reasonably prudent person would use under the same or similar circumstances.

The Supreme Court held the *Argus* instruction defective because it did not qualify the duty of maintaining a highway in a reasonably safe condition *for one who is exercising due care for his own safety* under the circumstances then and there existing. Instruction 7 also does not provide the required qualification. As such, instruction 7 does not state the law and is an erroneous instruction. Instruction 8, however, does properly and completely state the duty of a municipality. WPI 140.01; *Johnson v. Ilwaco, supra.*

In *Crowley v. Barto,* 59 Wn.2d 280, 367 P.2d 828 (1962), the trial court gave an instruction which contained two different standards of care. Since one standard was proper, the other improper, the Supreme Court concluded that this

instruction could have confused the jury and was, therefore, erroneous.

■ Where an erroneous instruction is later cured by a proper instruction, this court must determine if the jury might be confused or misled. *Crowley v. Barto, supra; Ulve v. Raymond,* 51 Wn.2d 241, 317 P.2d 908 (1957). If the jury might be confused or misled, the giving of the improper instruction is prejudicial error. We think the jury could easily be confused by the giving of both instructions 7 and 8, since each instruction defines a different standard of care. The giving of instruction 7, therefore was prejudicial error.

Having found the instructions improper, we deem it unnecessary to review defendant's remaining assignments of error.

The judgment is reversed and a new trial granted.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied December 29, 1972.