[No. 22681-9-I. Division One. October 23, 1989.]

JUDY DE MELLO, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*

*Paul Arnold Wallstrom* and *Mosler, Donion, Schermer & Wallstrom*, for appellant.

*Douglas N. Jewett, City Attorney*, and *Sean Sheehan, Assistant*, for respondent.

RINGOLD, J.*—The plaintiff, Judy de Mello, appeals from the judgment entered on the jury's verdict in favor of the City of Seattle.

Judy de Mello was employed as the Police Records Manager for the Seattle Police Department. She initiated an action against the City of Seattle (City) under the equal pay act, 29 U.S.C. § 206(d)(1), arguing that she was paid less than a male employee who held a "substantially similar" position. The City moved to dismiss this action at the close of plaintiff's case and again at the conclusion of all testimony. The trial court denied the motions. The City cross–appeals these decisions.

De Mello took exception during a jury instruction conference to interrogatory 4 on the special verdict form, because she contends that the interrogatory erroneously

---

*Judge Solie M. Ringold is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

shifted to her the burden of proving that the wage differential between her position and the male–occupied position of Police Systems Supervisor was based on sex. Although the jury found that the City paid higher wages to a male performing substantially equal work, it decided in response to interrogatory 4 that the plaintiff's sex was not the cause of the wage difference. We hold that the trial court did not err in submitting interrogatory 4 to the jury and affirm.

The equal pay act, 29 U.S.C. § 206(d)(1), prohibits wage discrimination based on sex. The act provides:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: . . .

■ Once a plaintiff offers sufficient evidence showing substantial equality in jobs and a difference in wages, the burden of persuasion shifts to the employer to show that the difference is the result of one of the four statutory exceptions. *EEOC v. First Citizens Bank of Billings,* 758 F.2d 397, 400 (9th Cir.), *cert. denied,* 474 U.S. 902 (1985); *EEOC v. Central Kan. Med. Ctr.,* 705 F.2d 1270, 1272 (10th Cir. 1983). The employer may attempt to show that different wages are based on (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) on any factor other than sex. 29 U.S.C. § 206(d)(1).

Under case law interpreting the equal pay act, the plaintiff must establish that a wage differential exists between jobs which are "substantially equal" in terms of skill, effort, responsibility, and which are performed under similar working conditions. *Corning Glass Works v. Brennan,* 417

U.S. 188, 195, 41 L. Ed. 2d 1, 94 S. Ct. 2223 (1974). This requires a practical judgment after considering all facts and circumstances in a particular case. *EEOC v. Universal Underwriters Ins. Co.*, 653 F.2d 1243, 1245 (8th Cir. 1981). "Jobs may be equal even though one sex is given extra duties if the other sex also performs extra duties of equal skill, effort and responsibility, or if the extra tasks take little time and are of only peripheral importance." *Central Kansas Medical Center*, at 1273.

The burden of establishing a statutory exception which would justify a wage differential falls upon the defendant after the plaintiff has made a prima facie showing of disparate wages paid for substantially equal work. *First Citizens Bank of Billings; Central Kansas Medical Center.* The trial court refused to direct a verdict against de Mello after she had concluded her case in chief; she had made a prima facie showing. The burden then shifted to the City to establish the existence of an exception.

The City sought to prove that the difference in wages between the positions of Police Records Manager and Police Systems Supervisor was not based on sex. It attempted to establish that the Police Systems Supervisor received higher pay than the Police Records Manager because of the technical skill and additional training required in the former position. Evidence was produced detailing the greater difficulty, as compared with the Police Records Manager position, in retaining Police Systems Supervisors because of greater competition for technicians. Testimony was offered explaining the wage differential in terms of inclusion of the two positions in different union bargaining units. This left it to the jury to decide.

Instruction 6 states:

With regard to her claim that she was discriminated against by not receiving equal pay for equal work because of her sex, plaintiff has the burden of proving each of the following propositions:

1. That plaintiff is a woman;

2. That the City paid higher wages to a male or males performing substantially equal work to that of plaintiff;

If, but only if, you find that plaintiff has proved both of the above propositions, then the City has the burden of proving the following proposition:

3. That any differential in wages paid to plaintiff and a male or males performing substantially equal work is based on a factor or factors other than sex.

If you find that plaintiff has not proved either proposition 1 or 2, above, your verdict shall be for the defendant on this claim. If you find that plaintiff has proved both propositions 1 and 2, and defendant has proved proposition 3, then your verdict shall be for the defendant on this claim of discrimination. If you find that plaintiff has proved both propositions 1 and 2 and defendant has not proved proposition 3, then your verdict shall be for the plaintiff on this claim of discrimination.

Interrogatories 3 and 4 ask:

QUESTION NO. 3: Did the City pay higher wages to a male or males performing substantially equal work to that of plaintiff?
. . . .
QUESTION NO. 4: Was the sex of plaintiff the cause of any differential in wages paid to her and a male or males performing substantially equal work?

In response to interrogatory 3, the jury responded "Yes". To interrogatory 4, the jury then answered "No". The City met its burden by introducing testimony controverting de Mello's claim. This burden was not shifted to de Mello. The City persuaded the jury that the wage differential was not based on sex. Nothing in the record suggests de Mello was prejudiced by improper argument of counsel to the jury that the burden had in some fashion shifted to plaintiff.

■ De Mello concedes that jury instruction 6 correctly stated the proper allocation of the burdens of proof. Jury instructions are sufficient if they (1) permit each party to argue the theory of the case, (2) are not misleading, and (3) when read as a whole, properly inform the trier of fact of the applicable law. *Tiderman v. Fleetwood Homes*, 102 Wn.2d 334, 337–38, 684 P.2d 1302, 45 A.L.R.4th 743 (1984); *Crossen v. Skagit Cy.*, 100 Wn.2d 355, 360, 669 P.2d 1244 (1983). Although jury interrogatories are not instructions, they guide the jury's consideration of the legal issues and determination of the verdict.

The following rule stated in *Smith v. Aberdeen*, 7 Wn. App. 664, 668, 502 P.2d 1034 (1972), applies:

Where an erroneous instruction is later cured by a proper instruction, this court must determine if the jury might be confused or misled. *Crowley v. Barto,* [59 Wn.2d 280, 367 P.2d 828 (1962)]; *Ulve v. Raymond,* 51 Wn.2d 241, 317 P.2d 908 (1957). If the jury might be confused or misled, the giving of the improper instruction is prejudicial error.

Improperly shifting the burden of proof may also result in prejudice to a party. *Anderson v. Red & White Constr. Co.,* 4 Wn. App. 534, 483 P.2d 124 (1971) (judgment reversed and case remanded for new trial after jury instruction was held to have shifted the burden, thus prejudicing plaintiff's case).

Jury instruction 6 provided a correct statement of the law. Interrogatory 4 on the special verdict form broadly asked whether any wage differential was based on sex. It merely rephrased the fourth statutory exception under the equal pay act which a defendant may attempt to prove to justify a difference in wages (*i.e.,* "a differential based on any other factor other than sex"). 29 U.S.C § 206(d)(1). Though de Mello excepted to the submission of interrogatory 4, she failed to offer any alternate instruction.

We cannot find that the jury was misled or that prejudice resulted from the court's submission of interrogatory 4. Accordingly we affirm.

Because of the result here, it is unnecessary to consider the City's cross appeal.

WEBSTER and FORREST, JJ., concur.

Reconsideration denied January 5, 1990.

Review denied at 114 Wn.2d 1017 (1990).