[No. 33150. Department One. October 20, 1955.]

RANDOLPH W. QUALLS, *a Minor, by Lorraine Qualls, his Guardian ad Litem, Appellant*, v. GOLDEN ARROW FARMS, INC., *et al., Respondents*.[1]

[1] Reported in 288 P. (2d) 1090.

*Zabel & Poth,* for appellant.

*Gordon H. Sweany* and *Donald E. Spickard,* for respondents.

FINLEY, J.—This is an action by the guardian *ad litem* of a minor to recover damages for personal injuries to the minor. A trial to a jury resulted in a verdict for the defendants. Judgment was entered on the verdict, and the plaintiff appeals.

The facts are as follows: Hawley Thatcher was employed as a milk truck driver by Golden Arrow Farms, Inc. Accompanied by his supervisor, Evo Toschi, he was delivering milk to the customers on his route, and around noon, he and his supervisor stopped to have lunch at the latter's home. Thatcher parked the milk delivery truck off of the street on a nearly level stretch of ground beside the Toschi home. Thatcher testified that when he parked the truck he turned off the motor, set the brake, and left the keys in the ignition. He did not remember whether he had closed the doors on the truck, and he did not recall the condition in which he had left the gearshift. Present at the Toschi home when the two men stopped for lunch were Toschi's son, Ronnie (two and one-half years old), and his cousin, the Qualls child (who lacked one week of being three years

of age); also, Edith Qualls, the mother-in-law of Evo Toschi and grandmother of both infants, was present at the time.

The testimony is conflicting as to whether or not the children were playing in the front yard of the Toschi home when the two men arrived. Edith Qualls testified that a few minutes after the men had entered the house she saw the Toschi boy in the truck and the Qualls child "standing on the doorway by the running board," and that this was called to the attention of the two men. Both men deny that this was called to their attention.

About ten minutes after the two men had entered the house, the Qualls child was found injured in the street in front of the milk truck. Apparently, the truck had rolled backward from the place where it had been parked and had hit or run over the Qualls child. Actually, there is no evidence as to what caused the truck to roll away, or in what manner the plaintiff received the injuries complained of. Thatcher testified that, after the accident, the Toschi infant was inside the truck, and that the brake was not set.

Appellant assigns as error the giving of instruction No. 6, in that it incorrectly sets forth the law relating to intervening causes, and that the trial court's use of the words "immediate cause" in referring to a possible intervening act on the part of the infant Toschi was error. Instruction No. 6 reads as follows:

"Before plaintiff can recover against the defendants herein, plaintiff must prove by a fair preponderance of the evidence:

"First, that such defendant was negligent as alleged in the Complaint, and

"Second, that such negligence, if any, was the direct and proximate cause of Randolph Qualls' injuries, as the term 'proximate cause' has been defined for you in these instructions.

"Even if you find that the defendants were negligent as alleged, your verdict must be in favor of such defendant or defendants unless you further find that such negligence was a proximate cause of the injury. In this connection, I instruct you that if any act of Randolph Qualls' playmate Ronnie Toschi (whether innocent, negligent or otherwise) intervened and was the immediate cause of Randolph

Qualls' injuries, and that such intervening act and the resultant injuries were neither intended by the defendant nor reasonably foreseeable by such defendant as likely to follow as a natural result of the negligent act or omission, if any, of such defendant, then the defendant's negligent act or omission, if any, would be merely a condition or remote cause and not a proximate cause of Randolph Qualls' injuries and you should find your verdict against the plaintiffs and in favor of the defendants."

In *Bracy v. Lund*, 197 Wash. 188, 200, 84 P. (2d) 670, we quoted with approval the following language from *Hale v. Pacific Tel. & Tel. Co.*, 42 Cal. App. 55, 183 Pac. 280:

" ' . . . where the original negligence of a defendant is followed by an independent act of a third person which results in a direct injury to a plaintiff, the negligence of such defendant may, nevertheless, constitute the proximate cause thereof if, in the ordinary and natural course of events, the defendant should have known the intervening act was likely to happen; but if *the intervening act constituting the immediate cause of the injury* was one which it was not incumbent upon the defendant to have anticipated as reasonably likely to happen, then, since the chain of causation is broken, he owes no duty to the plaintiff to anticipate such further acts, and the original negligence cannot be said to be the proximate cause of the final injury.' "

Appellant also questions the propriety of instruction No. 6, and argues that it assumes that the acts of a child of tender years can be an efficient intervening cause. However, we have held that the fact that an accident may have been caused by an intervening act of an irresponsible child, who could not be guilty of contributory negligence, would not prevent the doctrine of superseding cause from attaching. If the act itself is not foreseeable—in other words, if the act is an intervening, efficient cause—it will break the causal connection between the defendant's negligence and the plaintiff's injury. *Barnes v. J. C. Penney Co.*, 190 Wash. 633, 70 P. (2d) 311; *Cook v. Seidenverg*, 36 Wn. (2d) 256, 217 P. (2d) 799.

Appellant assigns as error the giving of instruction No. 7, contending that it likewise incorrectly sets forth the law relating to intervening causes, and also contains an assump-

tion of fact and a comment on the evidence. The instruction reads as follows:

"You are instructed that in determining whether or not the defendants should have foreseen that Randolph Qualls or his cousin, Ronnie Toschi, was likely to release the brake on the truck, you are not to use hindsight in determining such foreseeability, and the mere fact it was released and that the truck did roll backward does not in and of itself prove it was reasonably foreseeable. If you find that defendants set the brake on the truck, then whether or not a reasonably prudent person should have foreseen the likelihood of the brake being released must be determined in the light of all of the facts and circumstances as they existed at the time the brake was set."

In the giving of instruction No. 7, the court was admonishing the jury not to use hindsight in determining the foreseeability of the accident, or, in other words, not to consider the happening of a certain event as being determinative of the question of its foreseeability. Where varying inferences are possible from the evidence, the foreseeability of a particular event is a question for the jury. *Kennett v. Yates*, 41 Wn. (2d) 558, 250 P. (2d) 962.

As to appellant's contention that the instruction is erroneous in that, allegedly, it assumes the brake was released by one of the infants, it seems logical that, in order for the jury to find that the brake was released, it first would have to find that the brake had been set. Instruction No. 7 does not assume that the brake was either set *or* released. The second sentence thereof instructed the jury:

"*If* you find that defendants set the brake on the truck, *then* whether or not a reasonably prudent person should have foreseen the likelihood of the brake being released must be determined in the light of all of the facts . . ." (Italics ours.)

It is also to be remembered that instruction No. 6, in part, instructed the jury that, ". . . *if* any act of Randolph Qualls' playmate Ronnie Toschi . . . intervened . . ." (italics ours), thereby leaving the issue of whether or not the infant released the brake to the determination of the jury.

■ A questioned portion of an instruction should not be considered as an isolated sentence or clause, but should be considered together with the instructions in their entirety. *Myers v. West Coast Fast Freight*, 42 Wn. (2d) 524, 256 P. (2d) 840.

We find no error in instruction No. 7.

Now, as to appellant's contention that a presumption of negligence arises from the running away of a truck left standing unattended on a down grade, we think the jury was fully instructed on this phase of the case. The jury could and apparently did find that the evidence presented by the defendants furnished an adequate explanation or rebuttal of any such presumption.

■ The evidence in the instant case presented a question of fact to be determined by the jury; *i.e.*, whether the driver, in parking the truck, exercised the care of an ordinary prudent man under the circumstances then existing. *Oberg v. Berg*, 90 Wash. 435, 156 Pac. 391.

As we find no merit in appellant's assignments of error, the judgment of the trial court should be affirmed. It is so ordered.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and OTT, JJ., concur.