[No. 34380.    Department Two.    December 5, 1957.]

HOWARD L. RANNIGER *et al.*, *Appellants*, v. JOHN BRYCE *et al.*,
*Respondents.*[1]

*Marion Garland, Jr., William R. Garland,* and *John A.
Bishop,* for appellants.

*Merrill Wallace,* for respondents.

[1]Reported in 318 P. (2d) 618.

OTT, J.—January 21, 1956, at approximately six o'clock p. m., Howard L. Ranniger (who will be referred to herein as though he were the sole plaintiff) went to the store of John Bryce, located at Seabeck, Washington, for the purpose of returning four or five cases of empty beer bottles for a refund, and purchasing groceries. While carrying the containers to the rear of the premises, walking on a wooden dock which was wet with rain, Ranniger fell and fractured his right ankle. He instituted this action against John Bryce and his wife, alleging in his amended complaint:

"That the plaintiff's falling was caused solely by the negligence of the defendants in that:

"(1) They failed to furnish a reasonably safe place for a business invitee to transact business.

"(2) That they directed and allowed the plaintiff to proceed to a portion of their premises which they knew was extremely dangerous, from the fact that there was a wire stretched across the area at head height and there was a slippery floor, and the area was not lighted and they had allowed grease and moss to accumulate on the floor of the dock.

"(3) That they *wantonly* failed to warn the plaintiff of the existence of the impending peril of which they knew, or should have known." (Italics ours.)

The defendants' answer denied the allegations of negligence and affirmatively alleged plaintiff's contributory negligence. The jury's verdict was for the defendants. Motions for a new trial and for judgment notwithstanding the verdict were denied. From the adverse judgment, the plaintiff has appealed.

Appellant asserts that the court erred (1) in refusing to give appellant's requested instruction on wanton misconduct, (2) in giving instruction No. 9, and (3) in denying appellant's motion for a new trial.

With reference to his first assignment, appellant contends that wanton misconduct was an issue within the above-quoted portion of the amended complaint, for the reason that the word "wantonly" was used in subd. (3) thereof.

▮ Negligence is not converted into wanton misconduct by the use of the word "wantonly" in connection with

the specifications of negligence. *Price v. Gabel*, 162 Wash. 275, 283, 298 Pac. 444 (1931); 38 Am. Jur. 958, § 269. Appellant's amended complaint alleged three specific acts of negligence. The word "wantonly" was simply descriptive of one of them.

Wanton misconduct is not negligence. It requires the intentional doing of an act or the intentional failure to do an act, as distinguished from negligence which is predicated upon the wrongdoer's carelessness, recklessness or inadvertence. *Adkisson v. Seattle*, 42 Wn. (2d) 676, 258 P. (2d) 461 (1953). It follows that, if wanton misconduct is relied upon, it must be pleaded and proved.

In the instant case, wanton misconduct was not pleaded or proved, and, hence, the court did not err in refusing to instruct the jury with reference thereto.

With reference to appellant's second assignment of error, instruction No. 9 related to an act of God (rainfall), and respondents' duty in relation thereto. Appellant's objection to the instruction was that it failed to instruct the jury of the respondents' duty to warn the appellant of the rain, and wet condition of the wooden dock, and of the possible hazard. We find no merit in this contention for two reasons: (1) There is no evidence in the record of a specific latent defect which caused the appellant to fall, and (2) there is no duty to warn of conditions which are obvious and apparent. See *Knight v. Wandermere Co.*, 46 Wn. (2d) 768, 284 P. (2d) 1106 (1955), *Leek v. Tacoma Baseball Club*, 38 Wn. (2d) 362, 229 P. (2d) 329 (1951), and *Kalinowski v. Young Women's Christian Ass'n*, 17 Wn. (2d) 380, 135 P. (2d) 852 (1943).

The court, in instruction No. 5, instructed the jury that it was the duty of a storekeeper to keep the premises in a reasonably safe condition for the use of invitees, and defined such condition as that which a reasonably careful and prudent storekeeper would deem sufficient to protect customers from danger. The instruction was not excepted to and, on appeal, becomes the law of the case. *Traverso v.*

*Pupo, ante* p. 149, 153, 316 P. (2d) 462 (1957), and cases cited.

█ Instruction No. 9 must be considered in connection with all of the other instructions given by the court. *Qualls v. Golden Arrow Farms,* 47 Wn. (2d) 599, 604, 288 P. (2d) 1090 (1955); *Myers v. West Coast Fast Freight,* 42 Wn. (2d) 524, 529, 256 P. (2d) 840 (1953); *Simmons v. Kalin,* 10 Wn. (2d) 409, 422, 423, 116 P. (2d) 840 (1941). Under the facts of this case, the general duty of the storekeeper with reference to the maintenance of his premises was expressed in instruction No. 5.

Finally, appellant contends that a new trial should have been granted for the reason that the evidence does not support the verdict. Our examination of the record convinces us that there is no merit in this contention.

The judgment is affirmed.

HILL, C. J., MALLERY, DONWORTH, and ROSELLINI, JJ., concur.