[No. 58-40586-3.    Division Three.    February 20, 1970.]

RUTH WEBLEY, *Appellant*, v. ADAMS TRACTOR COMPANY, *Defendant*, NEW HOLLAND MACHINE COMPANY, *Respondent.*

*Ned W. Kimball* (of *Kimball & Clark*), for appellant.

*Arthur Lundin* (of *Randall & Danskin*), for respondent.

MUNSON, J.—Ruth Webley, wife and personal representative of decedent, Gary Webley, brought this action for wrongful death against Adams Tractor Company and New Holland Machine Company. Adams Tractor Company was dismissed as codefendant at the close of plaintiff's case. The jury returned a verdict for defendant New Holland Machine Company. Plaintiff appeals.

The sole issue before this court is whether paragraph 2 of the following instruction, when read in conjunction with the pertinent portions of the remaining instructions, incorrectly states the applicable law, and thereby misleads the jury:

### INSTRUCTION No. 8

The very appearance of a complicated piece of machinery is in itself a warning to one who desires to use it, that he should acquaint himself with its power and possibilities. Failure to exercise reasonable care for one's own

safety in the maintenance or use of such a machine would constitute contributory negligence which would bar the user's action for any injuries proximately caused thereby.

Removal of existing safety devices on a machine, failure to study or heed oral or written instructions or posted warnings, or unreasonable exposure of oneself to the risk of harm from the operation of such machinery, would constitute contributory negligence in this case.

If you find from a preponderance of the evidence that Gary Webley was contributorily negligent in any of these respects, or in any other manner, and that such contributory negligence was a proximate cause of the accident in which he was fatally injured, then the plaintiff cannot recover in this case and your verdict should be for the defendants.

Plaintiff contends contributory negligence contains two elements—negligence and proximate cause, *i.e.*, plaintiff's negligence must be the proximate cause of his injury; therefore, paragraph 2 of the above instruction is misleading because it fails to contain the element of proximate causation. Plaintiff's contention is without merit.

▮ The applicability of the doctrine of contributory negligence does require the elements of negligence and proximate cause. While paragraph 2 standing alone does not embrace the concept of proximate cause, it is obvious from the first and third paragraphs of the instruction that proximate cause was submitted to the jury. Furthermore, proximate cause was covered in instruction No. 4:

A party is not entitled to recover solely because there has been an accident. Any party claiming negligent or contributory negligent acts has the burden of proving by a fair preponderance of the evidence that the accident was caused by some such act of the other party in one of the particulars claimed *and that such act was a proximate cause* of the injury and damage claimed.

(Italics ours.) It is well established that a questioned portion of an instruction should not be considered as an isolated sentence or paragraph but should be considered together

with the instructions as a whole. *Qualls v. Golden Arrow Farms, Inc.,* 47 Wn.2d 599, 288 P.2d 1090 (1955).

Plaintiff's contention that instruction No. 8 constitutes an improper comment on the evidence is raised for the first time on this appeal and will not be considered. *Horwath v. Washington Water Power Co.,* 68 Wn.2d 835, 416 P.2d 92 (1966).

Judgment is affirmed.

EVANS, C. J., and GREEN, J., concur.