[No. 50251–0.   En Banc.   August 9, 1984.]

MAUREEN R. TIDERMAN, *Petitioner,* v. FLEETWOOD HOMES OF WASHINGTON, ET AL, *Respondents.*

*Taylor, Taylor & Gay,* by *S. Brooke Taylor* and *Carl Lloyd Gay,* for petitioner.

*Edwards & Barbieri,* by *Malcolm L. Edwards,* for respondents.

DOLLIVER, J.—Plaintiff alleged she suffered injuries caused by exposure to formaldehyde fumes emitted by particle board in her new mobile home. She was awarded $566,500 in damages by the jury. The Court of Appeals, finding erroneous and prejudicial jury instructions, reversed and remanded for new trial. *Tiderman v. Fleetwood Homes,* 35 Wn. App. 872, 670 P.2d 685 (1983). We reverse the decision of the Court of Appeals and reinstate the judgment of the trial court.

In May 1977, plaintiff and a girl friend (not a party to this suit) bought a new mobile home from defendant

Olympic Auto and Trailer Sales. The home was manufactured by defendant Fleetwood Homes of Washington. Both buyers experienced eye and throat irritation shortly after occupying their new home. The plaintiff's condition worsened and she suffered asthma attacks beginning in July 1977. She consulted an allergist who suggested formaldehyde fumes in her new home might be causing her asthma. The plaintiff moved out of her home but continued to suffer the attacks. Subsequently, she was diagnosed as asthmatic and on occasion suffered from a supra cord obstruction, a collapse of the airway in her throat.

In July 1979, plaintiff, alleging she had developed a severe and permanent case of asthma, sued for rescission of contract and damages for her personal injuries under theories of negligence, breach of warranties, breach of contract, strict liability, and RCW 19.86. The evidence at trial established her as a person in excellent health who regularly engaged in strenuous physical activity and made her living as a physical education teacher. Plaintiff's allergist experts diagnosed her as suffering from asthma caused by exposure to formaldehyde fumes in her mobile home. Expert testimony indicated 20 to 25 percent of the population is allergic or potentially sensitive to various substances, *e.g.*, formaldehyde. The defense experts diagnosed Tiderman as having a genetic predisposition to asthma.

The jury found defendants liable without specifying its reliance on a theory of liability. While it also found Tiderman to have been negligent, it found this was not a proximate cause of her injury. On appeal, 2 of the 24 jury instructions are alleged by defendants to be erroneous.

Instruction 16 states:

> The builder or distributor of a mobile home impliedly warrants to the buyer that the mobile home is merchantable. This warranty of merchantability means that the mobile home is *fit for the purchaser to live in.*

(Italics ours.) The defense objected to the italicized phrase and claimed "the purchaser" could be read to refer to a specific individual, *i.e.,* the plaintiff. Defendants assert this

is an incorrect statement of the law, misleading, and prevented the jury from fairly considering their argument that the plaintiff was peculiarly sensitive and thus not protected by an implied warranty of merchantability. They propound as a substitute the phrase "fit for its intended use as a residence".

In *Esborg v. Bailey Drug Co.,* 61 Wn.2d 347, 378 P.2d 298 (1963), we held where, in an action for dermatitis allegedly caused by defendant's hair tint product, the defendant raised the defense of allergy, the trial court on remand had to determine whether the product was "harmful to a reasonably foreseeable and appreciable class or number of potential users." *Esborg,* at 358. We noted what constitutes a class "is incapable of precise or quantitative definition." However, "[i]n the absence of proof to the contrary, upon which the minds of reasonable men could not differ, it would appear to present a question of fact for the trier of the facts . . ." *Esborg,* at 358. Liability may be found when plaintiff is "a member of an identifiable and significant class or number of consumers, composed of the innocently allergic." *Esborg,* at 357. In contrast, liability is denied when plaintiff is "peculiarly unique in susceptibility to the content of the product involved . . ." *Esborg,* at 357. *See also* Annot., *Seller's or Manufacturer's Liability for Injuries as Affected by Buyer's or User's Allergy or Unusual Susceptibility to Injury From Article,* 26 A.L.R.2d 963 (1952 & Supp. 1981).

The Court of Appeals reversed plaintiff's verdict because it found the implied warranty jury instruction misleading under *Esborg* principles. The court determined Tiderman to have presented ample evidence from which the jury could have found formaldehyde was harmful to a reasonably foreseeable and appreciable number of potential consumers. However, because there was also "ample evidence to the contrary", the instruction was erroneous. *Tiderman,* 35 Wn. App. at 875.

Jury instructions are sufficient if they "(1) permit each party to argue his theory of the case, (2) are not mis-

leading, and (3) when read as a whole, properly inform the trier of fact of the applicable law." *Brown v. Spokane Cy. Fire Protec. Dist. 1,* 100 Wn.2d 188, 194, 668 P.2d 571 (1983). The challenged jury instruction did not foreclose defendants from arguing their defense theory to the jury. Only on appeal do defendants stress the allergy defense. At trial, their main contention was that Tiderman was genetically predisposed to acquire asthma. It appears the jury did not accept defendants' genetic predisposition theory but believed the formaldehyde in fact caused plaintiff's injuries.

Moreover, the instruction is not misleading. The "ordinary purpose" for which mobile homes are used should obviously be "fit for the purchaser to live in." Tiderman was consistently referred to throughout the instruction only as "the plaintiff". Additionally, the preceding instruction given the jury informed it plaintiff had the burden of proving "that the defendants . . . breached implied warranties that the mobile home was safe and fit for its intended use as a residence". Defendants' proposition that "the purchaser" specifically referred to the plaintiff is without merit.

The trial evidence does not support the Court of Appeals decision. Tiderman presented evidence that exposure to certain concentrations of formaldehyde is harmful to persons. Her doctors, moreover, unequivocally testified she was harmed by the gas. The defense medical experts did not refute this evidence and in fact agreed a substantial portion of the population may suffer some reaction to formaldehyde. Rather, the defense experts testified Tiderman's asthma was genetically, rather than chemically, induced. This evidence goes to causation, however, not to whether the mobile home was fit for the foreseeable "ordinary" consumer.

■ Defendants argue they should not be liable under an implied warranty theory because only an insignificant percentage of the population has such a severe and long-lasting reaction to formaldehyde, as suffered by Tiderman. Hence the question raised is whether the allergy/hyper-

sensitivity defense applies where it is reasonably foreseeable an appreciable number of users will suffer *some* ill effects from exposure, but not reasonably foreseeable an appreciable percentage will suffer severe, long–lasting problems. *Esborg,* while not directly addressing this point, does require the plaintiff when faced with an allergy/hypersensitivity defense to prove:

(a) the product involved contains a harmful ingredient; (b) such ingredient is harmful to a reasonably foreseeable and appreciable class or number of potential users of the product; and (c) plaintiff has been innocently injured in the use of the product in the manner and for the purpose intended.

*Esborg,* at 358.

Clearly, the evidence presented showed formaldehyde was *harmful to some extent* to a reasonably foreseeable and appreciable percentage of users. Contrary evidence presented was a question of fact for the jury, which on appeal is not reversible.

Jury instruction 16 was neither misleading nor did it misstate the law. Because an appreciable number of persons may suffer physical reactions to formaldehyde, the seller/manufacturer had a duty to make its product safe for plaintiff/purchaser, even though her injuries were more serious.

Next, defendants challenge jury instruction 18 which informed the jury plaintiff had the burden of proving

that the defendants supplied a product which was not reasonably safe at the time the product left the defendants' control *or defendants failed to give an adequate warning necessary to make the use of the product reasonably safe*[.]

(Italics ours.) Defendants object to the disjunctive clause of the second half of the instruction arguing it was not applicable in this case because no warning had been given. Defendants maintain the emphasized language misled the jury into believing some warning was necessary to make use of the mobile home reasonably safe.

A product is not reasonably safe when it is unsafe to an extent beyond which would be reasonably contemplated by the ordinary consumer. *Little v. PPG Indus., Inc.,* 92 Wn.2d 118, 122, 594 P.2d 911 (1979). A seller/manufacturer has a duty to warn of any condition which renders a product not reasonably safe for a foreseeable use. *Teagle v. Fischer & Porter Co.,* 89 Wn.2d 149, 155, 570 P.2d 438 (1977). Where the danger is obvious or known, there is no duty to warn. *Haysom v. Coleman Lantern Co.,* 89 Wn.2d 474, 479, 573 P.2d 785, 93 A.L.R.3d 86 (1978).

The Court of Appeals indicated the challenged strict liability instruction could have been read to presuppose a duty to warn in every case, whether or not necessary to make a product safe. Because no warning was given, the court believed the instruction came "dangerously close to directing a verdict." However, the court ruled in light of the other instructions, it was not reversible error. *Tiderman,* 35 Wn. App. at 877.

As Chief Judge Petrich points out in the dissent, *Tiderman,* at 879–80, the challenged instruction was bracketed by two complementary instructions. The preceding instruction correctly described the manufacturer's duty to supply reasonably safe products and defined "not reasonably safe". WPI 110.01. A subsequent instruction informed the jury that the manufacturer had to warn of any condition which rendered a product not reasonably safe for a foreseeable use, but had no duty to warn of obvious or known dangers. WPI 110.02. Although testimony indicated no warning on the possible ill effects of formaldehyde exposure was given by defendants, this was not conceded by the defendants in their pleadings or at trial. Therefore, the jury instruction given was proper.

Read together, these instructions correctly inform the jury that only when a product is unreasonably dangerous does a seller/manufacturer have a duty to warn. The fact no warning was given in this case did not mislead the jury into believing one had to be given to make the product reasonably safe.

Reversed.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DORE, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

Reconsideration denied September 21, 1984.